**Everett Lee LEWIS, Petitioner,**

v.

**W. A. MAHONEY and the State of North Carolina, Respondents.**

**No. 74–81–HC.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 22, 1974.

Everett Lee Lewis, for petitioner.

Robert Morgan, N. C. Atty. Gen., Richard N. League, Asst. N. C. Atty. Gen., Raleigh, N. C., for respondents.

## ORDER

BUTLER, Chief Judge.

Petitioner, a state prisoner, has been allowed to file in forma pauperis, an application for a writ of habeas corpus.

On March 27, 1973, in the Superior Court of Carteret County, the petitioner entered a plea of *nolo contendere* to the charge of assault with intent to commit rape, and a sentence of seven years was imposed. On the same day, the solicitor, with the approval of the court, elected to take a *nolle prosequi* with leave in three other pending cases charging petitioner with assault on a female, assault by pointing a gun, and felonious breaking and entering.

The petitioner alleges with respect to the three charges which were nolle prossed with leave, that he has been denied his constitutional right to a speedy trial or disposition of said charges. The remainder of petitioner's application and other paperwritings submitted therewith are conclusory and seem to present a claim that he was denied a fair trial.

On September 19, 1973, as a result of a state post-conviction petition, the petitioner was accorded a plenary hearing in the Superior Court of Carteret County on his allegations of violations of his rights at his trial. At the conclusion of the hearing, judgment was entered against petitioner. The state post-conviction court found that petitioner received able and effective representation by his counsel, and that petitioner's plea of *nolo contendere* was entered voluntarily and understandingly with full knowledge of the charges and the consequences of the plea. These findings are amply supported by the

record and are hereby adopted by this court, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and application of correct standards of federal constitutional law reveals that petitioner's claim that he was denied a fair trial is without merit.

In regard to the entry of petitioner's plea of *nolo contendere* the state post-conviction court also found as follows:

That the petitioner ultimately agreed to enter a plea of *nolo contendere* to assault with intent to commit rape contending that he was not guilty of an offense, in return for an understanding with the State that all other charges against him would be *dismissed* and that he would not receive more than seven (7) years imprisonment. [Emphasis added.]

The post-conviction court further found that at the time of petitioner's plea, the court advised him "that the court had understood that plea bargaining had been entered into by petitioner and his counsel and the State and that pursuant to the bargain which had been struck, the court would imprison the petitioner for seven (7) years, if he entered a plea of nolo contendere."

Pursuant to this plea bargain, a sentence of seven years was imposed. However, the solicitor, instead of dismissing the other charges, elected to take a *nolle prosequi* with leave to reopen the cases. Petitioner contends that the *nolle prosequi* with leave entered in the other three cases violate his right to a speedy trial or disposition of said charges.[1]

■ In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Supreme Court held that a petitioner, against whom a detainer has been filed based on an untried charge, may present a claim of denial of a speedy trial on the charge in a federal habeas corpus proceeding. The presence of the detainer

was construed as sufficient custody, under 28 U.S.C. § 2254, on which to base federal habeas corpus jurisdiction. In this case, the petitioner does not allege that detainers have been filed against him based on the charges that were nolle prossed with leave, and the respondent has not suggested that any detainers have been filed. Therefore, this case presents the difficult issue of whether there is sufficient custody, absent the filing of a detainer against petitioner, on which to base federal habeas corpus jurisdiction to challenge a *nolle prosequi* with leave, under the Sixth Amendment. However, this court does not need to reach that issue, because in its opinion, the *nolle prosequi* with leave entered in each of the three cases are invalid because they violate the plea bargain entered into by petitioner and the state. Upon his plea of *nolo contendere*, the solicitor, on behalf of the State, agreed to *dismiss* the other indictments. A *nolle prosequi* with leave to reopen the case is not equivalent to a dismissal. It leaves open the possibility of future prosecution, in the discretion of the solicitor, and that is not in compliance with the agreement by the state upon which petitioner's plea was entered. The solicitor had agreed on behalf of the State that, in exchange for the plea, "all other charges against [petitioner] would be dismissed." The petitioner complied with his part of the bargain. The solicitor did not. The State must be held to full compliance with its agreement. The failure of the State to do so was so fundamentally unfair as to offend the Due Process Clause of the Fifth Amendment. See, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■■ This claim has not been presented to the State courts. Under 28 U.S.C. § 2254, a state prisoner must exhaust his available state court remedies before seeking relief in a federal habeas corpus action, but exhaustion is not re-

---

1. In Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), the Supreme Court condemned the *nolle prosequi* with leave on the grounds that it · violates the Sixth Amendment guarantee to a speedy trial, made applicable to the states by the Fourteenth Amendment.

quired if there are "circumstances rendering such process ineffective to protect the rights of the prisoner." In this case, a *nolle prosequi* with leave was entered in each of the three cases with the approval of the court, six years after, and in disregard of, the Supreme Court's opinion in *Klopfer*. Moreover, each order permitting the *nolle prosequi* with leave was entered on forms supplied by the Administrative Office of the North Carolina Courts, which had been revised in 1969, two years after *Klopfer*. Under such circumstances, this court is of the opinion that petitioner should not be required to exhaust his state remedies. Now, therefore,

It is ordered that the State of North Carolina dismiss the indictments in each of the three cases that were nolle prossed with leave on March 27, 1973.

It is further ordered that the State of North Carolina file in the office of the clerk of this court in Raleigh, North Carolina, within 30 days from the date of service of this order a statement certifying whether or not the State has dismissed the indictments specified in this order.